670

## Employer's Liability Policy

UMSTED, Deputy Attorney General, April 19, 1945. —You have inquired if a company authorized to write casualty insurance in Pennsylvania may issue a policy insuring an employer against liability to his employes for fatal or nonfatal accident or injury other than those which fall within the provisions of the workmen's compensation laws.

Foreign stock casualty companies under section 601, foreign mutual casualty companies under section 801, and domestic mutual casualty companies under section 202(d) of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §§721, 911 and 382, if their charters permit, may write the same type policies which domestic stock casualty companies may write.

Under section 202(*c*)4 of The Insurance Company Law of 1921, 40 PS §382, stock casualty insurance companies may be chartered "To insure any one against loss or damage resulting from accident to, or injury, fatal or nonfatal, suffered by, an employee or other person, for which the person insured is liable . . . ."

This is the provision of the insurance code under which casualty companies are authorized to write workmen's compensation insurance. It was taken bodily from section 1(4) of the Act of June 1, 1911, P. L. 567, which was, therefore, in the law several years before our first Workmen's Compensation Act of June 2, 1915, P. L. 736, whereby a liability was imposed by law upon employers to employes.

We cannot see that the legislature has made any distinction in section 202(*c*)4 between a liability imposed upon an employer by statute and one which he assumes to an employe by contract. In either case, he is "liable" to his employe and thus his coverage by an indemnity policy is authorized under section 202(*c*)4 of The Insurance Company Law of 1921.

This conclusion is in keeping with the general purposes of the legislature with regard to the division of the types of insurance which various companies are authorized to write as is evidenced by subsection (*c*)2 of section 202 of The Insurance Company Law of 1921, pertaining to casualty companies, which reads as follows:

"To insure against injury, disablement, or death resulting from traveling or general accident, and against disablement resulting from sickness, and every insurance appertaining thereto, including a funeral benefit to an amount not exceeding one hundred dollars."

We are not unmindful of the interpretation placed by the Supreme Court upon section 107 of The Insurance Company Law of 1921 in Commonwealth ex rel. v. Fidelity Land Value Assurance Co., 312 Pa. 425, 432 (1933), where it was held that only those meeting the

qualifications imposed by the laws of the Commonwealth upon insurance companies may engage in the insurance business. The relevant portion of section 107 above referred to is here quoted:

"Except as herein provided, the doing of any insurance business in this Commonwealth, as prescribed in this act, for insurance companies, by any private individual, association or partnership, is prohibited . . ."

The distinction between that case and this one is: (1) The employer here does not hold himself out to the public as being in the insurance business, whereas, section 107, above quoted, was designed to protect the general public; (2) the employer in this case is not carrying on an insurance business because the indemnity feature attached to an employment contract makes it, more or less, benevolent in character; (3) no cash premiums are involved; and (4) the indemnifying features are subordinate to the main contract of employment. Employment contracts like service contracts are distinguishable from insurance contracts: Commonwealth ex rel. v. The Provident Bicycle Assn., 178 Pa. 636 (1897).

Apparently, the intention of the legislature was to permit casualty companies to indemnify employers against a type of risk which the employers assumed or had placed upon them and which could have been written direct to the employe by a casualty company. Since casualty companies may write accident and injury policies, it seems to be clear that they may agree to indemnify employers against loss by reason of contracts pertaining to accident or injury of employes.

We are of the opinion and you are, therefore, accordingly advised that casualty insurance companies authorized to do business in Pennsylvania, their charters permitting, may issue policies of indemnity to employers for fatal or nonfatal accident or injury to employes where employers have assumed such liability under the terms of employment contracts.